J-S56029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NAHEEM ADAMS | |
| Appellant | No. 3213 EDA 2016 |

Appeal from the PCRA Order Dated August 29, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0000287-2013

BEFORE:  BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 09, 2017**

Appellant Naheem Adams appeals from the August 29, 2016 order of the Court of Common Pleas of Northampton County, which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts underlying this case are undisputed.  As recounted by a prior panel of this Court on direct appeal:

> On July 27, 2012, at approximately 7:00 pm., Harry Booker and Quincy Wilson went to Michael Comito's apartment to purchase crack cocaine.  Comito called Appellant to arrange the purchase, but Appellant did not have any crack cocaine.  Comito then called Jeter, and arranged to buy two bags of crack.  Appellant arrived at Comito's apartment at approximately 8:00 p.m.  He entered the apartment, indicated that he did not have any drugs, and walked out the back door and sat on the back step.  Jeter arrived at the apartment at approximately 9:00 p.m., and he and Comito completed the drug transaction.  Jeter left through the side door

---

[*] Retired Senior Judge assigned to the Superior Court.

and Comito and the other individuals inside the house heard what sounded like people pushing and shoving each other outside. Comito opened the door to see what was taking place and Appellant told him to go back in the house and shut the door. Comito shut the door and heard multiple gunshots. Comito opened the door, saw Jeter lying on the ground, unsuccessfully attempted to revive him, and called 911. Another individual in the apartment, Karen Culver, looked out of a window and saw a person running away.

Appellant and his girlfriend moved out of their apartment approximately two days after the murder. In October 2012, police arrested him in New York. Appellant informed detectives that he left the Easton area on July 27, 2012, and that he never returned. Videotape surveillance footage obtained by police shows Appellant walking in the vicinity of Comito's apartment at 8:22 p.m. on the night of Jeter's murder.

*Commonwealth v. Naheem*, No. 1016 EDA 2014, unpublished memorandum, at 1-2 (Pa. Super. filed March 4, 2015). Following a four-day trial, the jury found Appellant guilty of third-degree murder, but not guilty of murder in the first degree. On November 22, 2013, the trial court sentenced Appellant to 20 to 40 years' imprisonment. On December 2, 2013, Appellant filed a post-sentence motion, which the trial court denied. On March 4, 2015, a panel of this Court affirmed Appellant's judgment of sentence. On September 11, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Adams*, 123 A.3d 330 (Pa. 2015).

On October 22, 2015, Appellant *pro se* filed the instant PCRA petition, asserting ineffective assistance of counsel claims, and after-discovered evidence claims. The PCRA court appointed counsel. Following a hearing, the

PCRA court denied Appellant's petition on August 29, 2016. Appellant *pro* se appealed.[1, 2]

On appeal,[3] Appellant appears to raise three issues for our review.[4] First, he argues that the PCRA court erred in denying him a new trial based on after-discovered evidence. Second, Appellant argues that the PCRA court erred in denying him PCRA relief based on recantation testimony. Third, he argues that the PCRA court erred in failing to conclude that his trial counsel

---

[1] Even though Appellant's notice of appeal was filed on September 30, 2016, it was timely as it was dated September 23, 2016. **See Commonwealth . Jones**, 700 A.2d 423, 425-26 (Pa. 1997) (A *pro se* prisoner's petition for review must be considered filed for purposes of Pa.R.A.P. 903 when the appeal is deposited with prison officials or placed in the prison mailbox).

[2] On March 7, 2017, we issued an order remanding this case to the PCRA court for 30 days to determine whether Appellant was abandoned by counsel. Following a hearing, the PCRA court directed appointed PCRA counsel to continue representing Appellant through the appellate process.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

[4] We note with disapproval Appellant's vague statement of questions involved in violation of Pa.R.A.P. 2116. In his Rule 2116 statement of questions, Appellant raises only a single issue: "[I.] Whether the [PCRA] court committed legal error by denying Appellant's PCRA claim?" Appellant's Brief at 4. We point out that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. However, while Appellant's statement of the questions is overly broad, we decline to find waiver because appellate review is not hampered, and we are able to discern Appellant's issues from the argument section of his brief.

rendered ineffective assistance by failing to call to the stand a potential alibi witness.

Addressing Appellant's first two issues together, as they implicated after-discovered evidence, we conclude that he has waived them. As the Commonwealth points out, Appellant failed to raise the issues timely. Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002) (holding that petitioner's claims of trial court error, constitutional error, and prosecutorial misconduct, which could have been raised on direct appeal but were not, were waived under the PCRA).

Appellant's first issue implicating after-discovered evidence is waived because he failed to raise it during his direct appeal, as required under Pa.R.Crim.P. 720(C). The Comment to Rule 720 provides that "after-discovered evidence discovered during the direct appeal process must be raised promptly during the direct appeal process, and should include a request for a remand to the trial judge." *Id.*, Comment. Here, the letter from Thomas Knox, which forms the basis for Appellant's after-discovered evidence claim, was dated May 12, 2014. At that time, as the Commonwealth notes, Appellant's direct appeal was pending in this Court and we had not yet issued a briefing schedule.

With respect to Appellant's issue implicating after-discovering evidence based on recantation, it too is waived for the same reason. Here, the Commonwealth correctly points out that the alleged written recantation at issue was discovered by Appellant's girlfriend in May 2014. Indeed, Appellant acknowledges that he first discovered the recantation of Commonwealth witness Michael Comito in May 2014. **See** Appellant's Brief at 13 ("[T]his after-discovered evidence was first discovered in May 2014, when Nathalie Jenkins went to the home of Michael Comito."). Because Appellant failed to raise the claim of after-discovered evidence based on recantation on direct appeal, he has waived it on collateral review. 42 Pa.C.S.A. § 9544(b); **see Ford**, **supra**.

We now turn to Appellant's third issue that his trial counsel rendered ineffective assistance because he failed to call Kahmir De'Lapara to the stand as a potential alibi witness.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015)

(*en banc*). "A petitioner must prove all three factors of the "***Pierce***[5] test,"" or the claim fails." ***Id.***

Here, Appellant argues that his trial counsel was ineffective for calling Mr. De'Lapara to testify at trial as an alibi witness. Appellant argues that his trial counsel was informed of Mr. De'Lapara's existence. Following a hearing, the PCRA court found Appellant's trial counsel's testimony credible and determined that trial counsel was unaware of Mr. De'Lapara's existence prior to, or at the time of, trial. Specifically, the trial court reasoned:

> Here, Kahmir De'Lapara, known as "Smoke," testified that he personally met with trial counsel and informed him that he was with [Appellant] the night of the homicide, selling [Appellant $19,000.00] worth of marijuana and cocaine. Trial counsel also testified at the hearing and stated that he utilized the services of a detective to investigate the events of the night of the murder and met with [Appellant's] friends and family. Counsel also testified that throughout all of these meetings, he never met with Smoke, never heard of him (either by legal name or street name) and no one ever told him that he/she was with [Appellant] on the night of the murder conducting such a drug transaction. Additionally, no record was made as to De'Lapara's alleged efforts to relay [Appellant's] alibi. As an officer of the [c]ourt, and bearing this [c]ourt's full confidence, trial counsel would have had a duty to investigate such an alibi had it been brought to his attention. Further, it is important to note that [Appellant's] "alibi witness," Mr. De'Lapara is currently incarcerated and serving his own sentence for murder. Therefore, we find that this claim is without arguable merit, as the alleged alibi witness was never brought to the attention of trial counsel and De'Lapara's testimony was incredible[.]

PCRA Court Opinion, 8/29/16. In asking us to find arguable merit, Appellant essentially expects us to accept his version of the facts, *i.e.*, that trial counsel was aware of Mr. De'Lapara's existence. It is settled that a PCRA court's

---

[5] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

credibility and weight determinations are binding upon us. **See Commonwealth v. Medina**, 92 A.3d 1210, 1214 (Pa. Super. 2014) (*en banc*) (noting that "[t]he PCRA court's credibility determination, when supported by the record, are binding on this Court.") (citation omitted), **appeal denied**, 140 A.3d 675 (Pa. 2016). Here, because the PCRA court found credible trial counsel's testimony that he was unaware of Mr. De'Lapara's existence, Appellant's ineffectiveness claim lacks arguable merit. Accordingly, Appellant is not entitled to relief.

Even if Appellant's ineffectiveness claim had arguable merit, he still would not be entitled to relief. Appellant addresses only the arguable merit prong of the **Pierce** test in his brief, which is otherwise bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs. **See** Appellant's Brief at 14-16. As we have emphasized, "[a] petitioner must prove all three factors of the **Pierce** test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner **must adequately discuss all three factors** of the **Pierce** test, or the appellate court will reject the claim." **Reyes-Rodriguez**, 111 A.3d at 780 (emphasis added) (citing **Fears**, 86 A.3d at 804)). Thus, given Appellant's failure to discuss the reasonable basis and prejudice prongs on appeal, we would reject his ineffectiveness claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017